IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| MELISSA BEAM, <br><br> Plaintiff, <br><br> v. <br><br> CALIBER HOME LOANS, INC., *et al.*, <br><br> Defendants. | Case No. 3:19-cv-01201-M-BT |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

Before the Court in this mortgage foreclosure action is Defendant Ecliptic Homes, LLC's (Ecliptic) Rule 12(b)(6) Motion to Dismiss (ECF No. 30). For the reasons stated, the Court should GRANT the Motion, in part, and DISMISS Plaintiff Melissa Beam's claims against Ecliptic.

**Background**

This case arises out of the foreclosure and sale of Beam's home in Dallas, Texas (the Property). Beam alleges that she purchased the Property in November 2013 with an FHA loan from First National Bank of Trenton (First National). Am. Compl. 3, ¶¶ 10, 11 (ECF No. 26). She executed a note, payable to First National, and a deed of trust to secure the payment of the note. *Id.* According to Beam, her loan was transferred to Defendant TIAA, FSB d/b/a Everbank (Everbank) in February 2018, and Defendant Caliber Home Loans, Inc. (Caliber) became the loan servicer. *Id.* 12. In August 2018, she applied for loss mitigation assistance and, in

1

October 2018, Caliber notified her that she was approved for a loan modification, pending completion of a trial payment period. *Id.* ¶¶ 13-14. But in December 2018, Caliber notified Beam that she was no longer eligible for the loan modification because she had not complied with the terms of the trial period. *Id.* 4, ¶ 16. Caliber also returned her final trial-period payment because the amount was insufficient. *Id.* ¶ 17. When Beam asked Caliber what she should do to avoid foreclosure, Caliber allegedly instructed her to submit another loss mitigation application. *Id.* ¶ 18. Beam maintains that she submitted a second loss mitigation application in February 2019 and Caliber confirmed to her that it received the application. *Id.* ¶¶ 18, 20. Beam heard nothing further from Caliber until March 2019, when Caliber informed her that she was entitled to the surplus from a foreclosure sale. *Id.* 5, ¶ 22. When she inquired about her second loan modification application, Caliber allegedly informed Beam that it did not receive the application. *Id.*

Caliber foreclosed on the Property on March 5, 2019 and sold the Property to Ecliptic at a trustee's sale. *Id.* ¶ 23. Ecliptic subsequently filed a forcible detainer suit and obtained a judgment against Beam. *Id.* ¶ 24. When Beam successfully appealed, Ecliptic filed a second forcible detainer suit. *Id.* Ecliptic again prevailed and obtained a judgment against Beam, which Beam appealed. *Id.* Beam admits her appeal is pending, and she "is currently in possession of the Property." *Id.* 2, ¶ 8.

Beam filed this suit in County Court at Law Number 1 of Dallas County, Texas in April 2019 bringing numerous claims against Caliber and Ecliptic. Caliber

2

timely removed the action to this Court on the basis of diversity jurisdiction. Notice of Removal (ECF No. 1). Ecliptic then filed a motion to dismiss, and the parties fully briefed it. But before that motion was decided, Beam sought and obtained leave to amend her pleadings. She timely filed her Amended Complaint, adding Everbank as a defendant. By her lawsuit, she seeks to set aside the foreclosure sale and cancel the trustee's deed on grounds that Caliber and Everbank failed to comply with regulations promulgated by the Department of Housing and Urban Development (HUD), which were incorporated into the deed of trust, and because Caliber allegedly committed dual tracking in violation of the Real Estate Settlement Procedures Act (RESPA). She also asserts claims for quiet title and trespass to try title against Ecliptic. Ecliptic timely filed the pending Motion to Dismiss. Beam responded to the Motion. Ecliptic did not file a reply, and the time to do so has passed. Accordingly, the Motion is ripe for determination.

## Legal Standard

When deciding a 12(b)(6) motion to dismiss for failure to state a claim, the court "accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (internal quotation marks and citations omitted). To survive a Rule 12(b)(6) motion, therefore, a plaintiff's complaint must contain sufficient factual matter to state a claim for relief that is plausible on its face. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "To be plausible, the complaint's '[f]actual allegations must be enough to raise a right to relief above the speculative level.'" *In*

*re Great Lakes Dredge & Dock Co. LLC*, 624 F.3d 201, 210 (5th Cir. 2010) (quoting *Twombly*, 550 U.S. at 555). This pleading standard does not require "'detailed factual allegations,'" but it does demand more than an unadorned accusation devoid of factual support. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw a reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678 (citing *Twombly*, 550 U.S. at 556). "[A] formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Iqbal*, 556 U.S. at 679. Where the facts do not permit the Court to infer more than the mere possibility of misconduct, the complaint has stopped short of showing that the plaintiff is plausibly entitled to relief. *Id.* at 678 (citing *Twombly*, 550 U.S. at 557).

In deciding a Rule 12(b)(6) motion, a court may not look beyond the pleadings. *Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999). However, the pleadings, for the purpose of determining a Rule 12(b)(6) motion, include documents attached to the pleadings and to the motion to dismiss so long as they "are referred to in the plaintiff's complaint and are central to [his] claim." *Causey v. Sewell Cadillac-Chevrolet, Inc.*, 394 F.3d 285, 288 (5th Cir. 2004) (citing *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498-99 (5th Cir. 2000)).

## Analysis

I. Beam does not assert a claim for wrongful foreclosure against Ecliptic.

Ecliptic construes Beam's claim to set aside the foreclosure sale as one for wrongful foreclosure and argues that it fails for three reasons: (1) Beam fails to allege a grossly inadequate foreclosure sale price, (2) Beam is still in possession of the Property, and (3) Beam has not tendered the full amount owed to rescind the sale. Mot. 5-6. Beam concedes that because she is still in possession of the Property, a wrongful foreclosure claim would be premature. Resp. 6. But she insists that she has not brought a wrongful foreclosure claim. *Id*. Rather, she explains, her claim is that Caliber and Everbank did not comply with the terms of the deed of trust by violating HUD regulations incorporated in it and by violating provisions of RESPA in conducting the foreclosure sale, and that these violations give rise to an equitable cause of action for return of the Property. *Id*. 6-7. Because Beam does not assert a claim for wrongful foreclosure against Ecliptic, Ecliptic's arguments to dismiss that claim are moot, and the Motion should be denied with respect to any such claim.

II. Beam has not adequately pleaded either of her title claims against Ecliptic.

Beam insists that she does not bring a claim for wrongful foreclosure. Thus, her only claims against Ecliptic are claims to quiet title and trespass to try title. Under Texas law, the elements of an action to quiet title are: (1) an interest in a specific property; (2) title to the property is affected by a claim by the defendant; and (3) the claim, although facially valid, is invalid or unenforceable. *Rhodes v.*

5

*Kelly*, 2017 WL 2774452, at *10 (Tex. App.—Dallas June 27, 2017, pet. denied); *Cook-Bell v. Mortg. Elec. Registration Sys., Inc.*, 868 F. Supp. 2d 585, 591 (N.D. Tex. 2012). To prevail on a claim to quiet title, a plaintiff must rely on the strength of her own title, not the weakness of the adversary's title. *Epstein v. U.S. Bank Nat'l Ass'n*, 540 F. App'x 354, 358 (5th Cir. 2013) (per curiam) (citing *Katz v. Rodriguez*, 563 S.W.2d 627, 629 (Tex. Civ. App.—Corpus Christi 1977, writ. ref'd n.r.e.)); *Humble Oil & Ref. Co. v. Sun Oil Co.*, 191 F.2d 705, 715 (5th Cir. 1951). Moreover, tender of the amount due under a loan agreement is a requirement to bring a quiet title claim. *Cook-Bell*, 868 F. Supp. 2d at 591; *Campo v. Bank of Am., N.A.*, 2016 WL 1162199, at *5 (S.D. Tex. Mar. 24, 2016), *aff'd*, 678 F. App'x 227 (5th Cir. 2017). Dismissal of a quiet title claim is appropriate if a plaintiff has failed to allege these elements. *See Cook-Bell*, 868 F. Supp. 2d at 591.

By contrast, an action in trespass to try title "is the method of determining title to lands, tenements, or other real property." Tex. Prop. Code § 22.001(a). In other words, a trespass to try title suit seeks "to recover the possession of land unlawfully withheld from the owner and to which [s]he has the right of immediate possession." *See Rocha v. Campos*, 574 S.W.2d 233, 235 (Tex. App.—Corpus Christi 1978, no writ.). To prevail on a trespass to try title claim, a plaintiff must establish (1) a regular chain of conveyances from the sovereign; (2) superior title out of a common source; (3) title by limitations; or (4) title by prior possession coupled with proof that possession was not abandoned. *Martin v. Amerman*, 133 S.W.3d 262, 265 (Tex. 2004). As with a suit to quiet title, to succeed in a suit for

trespass to try title, "the plaintiff must recover upon the strength of his own title and not the weakness of the defendant's title." *Rocha*, 574 S.W.2d at 235 (citing *Hejl v. Wirth*, 343 S.W.2d 226, 226 (Tex. 1961)).

Beam fails to state a quiet title claim for two reasons. First, she does not allege that she has tendered the amount due; nor does she dispute Ecliptic's contention that she has failed to allege tender. Second, she does not rely on the strength of her own title to establish her claim. Rather, she alleges that Caliber and Everbank violated certain HUD regulations incorporated in the deed of trust and provisions of RESPA, and that these violations resulted in a void foreclosure sale. But Beam's allegations only point out an alleged defect in Ecliptic's title—they do not establish Beam has superior title. While Beam alleges that she is "the rightful owner of" and argues that she "maintains superior interest in" the Property, Am. Compl. 2, ¶ 8; Resp. 12, such contentions are wholly conclusory and are insufficient to survive dismissal. *Iqbal*, 556 U.S. at 679. Beam fails to state a claim for trespass to try title for the same reason. Because her allegations do not rely on the strength of her own title, and instead they point out a defect in Ecliptic's title, Beam has not stated a claim for trespass to try title. Both Beam's claim to quiet title and her claim for trespass to try title should be dismissed against Ecliptic.

Ecliptic also asserts that it is a bona fide purchaser of the Property and such status is fatal to Beam's title claims. Mot. 6. "Status as a bona fide purchaser is an affirmative defense to a title dispute." *Madison v. Gordon*, 39 S.W.3d 604, 606 (Tex. 2001). "To receive this special protection, one must acquire property in good

faith, for value, and without notice of any third-party claim or interest." *Id*. Here, Beam does not plead that Ecliptic acquired the Property in bad faith, did not pay value for the property, or had notice of any third-party claim or interest. Instead, Beam asserts the bona fide purchaser defense does not protect Ecliptic because Ecliptic purchased the Property at a void foreclosure sale. Indeed, the bona fide purchaser defense does not apply to a purchaser at a void foreclosure sale. *See Diversified, Inc. v. Walker*, 702 S.W.2d 717, 721 (Tex. App.–Houston [1st Dist.] 1985); *Henke v. First S. Props., Inc.*, 586 S.W.2d 617, 620 (Tex. Civ. App.–Waco 1979); *Henderson v. U.S. Bank Tr. Nat'l Ass'n as Tr. of Igloo Series III Tr.*, 2020 WL 4059851, at *2 (N.D. Tex. July 20, 2020); *Ocwen Loan Servicing, LLC v. Gonzalez Fin. Holdings, Inc.*, 77 F. Supp. 3d 584, 596 (S.D. Tex. 2015). But "[t]he question whether a deed is void or voidable depends on its effect upon the title at the time it was executed and delivered." *Slaughter v. Qualls*, 162 S.W.2d 671, 674 (Tex. 1942). A void deed lacks vitality or legal effect and is "a mere nullity, passing no title and conferring no rights whatsoever." *Id*. On the other hand, a voidable deed "operates to accomplish the thing sought to be accomplished, until the fatal vice in the transaction has been judicially ascertained and declared." *Id*.

Beam argues the foreclosure sale was void because Caliber and Everbank violated federal law and failed to strictly comply with the Deed of Trust. In support of this proposition, Beam relies on *Houston First American Savings v. Musick*, 650 S.W.2d 764 (Tex. 1983). Another court in this district recently rejected an almost identical argument. *Henderson*, 2020 WL 4059851, at *3 (explaining that

8

*Musick* does not hold that failure to comply with the deed terms makes a sale void, but rather, that such a sale is "invalid" and that "[w]ere [the buyer] a bona fide purchaser of the property, [a prior owner] would be estopped to assert the invalidity of the trustee's sale"). The *Henderson* court held that failure by a mortgage servicer to comply with the terms of a deed of trust may make the foreclosure sale voidable, but not void. *Id.* Although Beam asserts that the foreclosure sale was "void," she failed to plead facts to support that assertion, and the Court does not credit bare legal conclusions. *Iqbal*, 556 U.S. at 679. Ecliptic's status as a bona fide purchaser thus operates as an affirmative defense to Beam's claims and provides another basis for dismissal of Beam's claims against Ecliptic. *Henderson*, 2020 WL 4059851, at *3

### III. Beam has pleaded her best case against Ecliptic.

Beam's claims against Ecliptic should be dismissed with prejudice. While "a court should freely give [a party] leave" to amend her pleadings "when justice so requires," Fed. R. Civ. P. 15(a)(2), a court has discretion not to allow amendment when an amendment would be futile, *Martin's Herend Imps., Inc. v. Diamond & Gem Trading U.S. of Am. Co.*, 195 F.3d 765, 771 (5th Cir. 1999). An amendment would be futile if the plaintiff has already pleaded her best case. *See Hale v. King*, 642 F.3d 492, 503 (5th Cir. 2011). "A plaintiff has pleaded her best case after she is apprised of the insufficiency of her complaint," and she "may indicate she has not pleaded her best case by stating material facts that she would include in an amended complaint to overcome the deficiencies identified by the court." *Wiggins*

9

*v. La. State Univ.—Health Care Servs. Div.*, 710 F. App'x 625, 627 (5th Cir. 2017) (internal quotation marks and citations omitted).

Here, it is clear that Beam has pleaded her best case against Ecliptic and any amendment would be futile. Before Beam filed her Amended Complaint, Ecliptic moved to dismiss the Original Petition on the same grounds that Ecliptic now moves to dismiss the Amended Complaint. *Compare* Mot. (ECF No. 7), *with* Mot. (ECF No. 30). Before that motion was decided, the Court gave Beam an opportunity to amend her pleadings, resulting in the filing of the Amended Complaint. Yet Beam's allegations against Ecliptic in the Amended Complaint are almost identical to her allegations against Ecliptic in her Original Petition. *Compare* Orig. Pet. 17-20, ¶¶ 77-91 (ECF No. 1-5), *with* Am. Compl. 18-21, ¶¶ 80-94. Thus, Beam has already had the opportunity to cure the deficiencies Ecliptic now points out. Beam did not cure them. *See Allen v. Dovenmuehle Mortg., Inc.*, 2014 WL 3579812, at *11 (N.D. Tex. July 21, 2014) (finding plaintiffs had pleaded their best case where second amended complaint did not "cure the deficiencies noted in Defendants' prior motion to dismiss," and was "identical to their First Amended Complaint"). Moreover, Beam does not ask for leave to amend her pleadings for the second time, let alone indicate what material facts she would add to her subsequent amended complaint that would cure the deficiencies Ecliptic has twice pointed out. Thus, the Court finds that Beam has pleaded her best case against Ecliptic and recommends that her claims against Ecliptic be dismissed with prejudice.

## Recommendation

For the foregoing reasons, the Court should GRANT in part Ecliptic's Motion to Dismiss (ECF No. 30) and DISMISS with prejudice Beam's claims against Ecliptic.

**SIGNED** August 27, 2020.

_____
REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO APPEAL/OBJECT

The United States District Clerk is directed to serve a true copy of these findings, conclusions, and recommendation on the parties. Pursuant to Title 28, United States Code, § 636(b)(1), any party who desires to object to these findings, conclusions, and recommendation must serve and file written objections within 14 days after being served with a copy. A party filing objections must specifically identify those findings, conclusions, or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory, or general objections. A party's failure to file such written objections to these proposed findings, conclusions, and recommendation will bar that party from a *de novo* determination by the District Court. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985). Additionally, any failure to file written objections to the findings, conclusions, and recommendation within 14 days after being served with a copy will bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).