IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| MELISSA BEAM, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | No. 3:19-cv-01201-M-BT |
| | § | |
| CALIBER HOME LOANS, INC., et al. | § | |
| | § | |
| Defendants. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Before the Court in this removed civil action are Plaintiff Melissa Beam's Motion for Reconsideration (ECF No. 47) and Defendant Ecliptic Homes, LLC's (Ecliptic's) Motion to Dismiss (ECF No. 53). As explained in these Findings, Conclusions, and Recommendation, the Court should DENY Beam's Motion, GRANT Ecliptic's Motion, and DISMISS with prejudice Beam's claims against Ecliptic.

**Background**

This case arises out of the foreclosure and sale of Plaintiff Melissa Beam's home in Dallas, Texas (the "Property"). Beam purchased the Property in November 2013 with an FHA loan (the "Mortgage") from First National Bank of Trenton (First National). Pl.'s 2d Am. Compl. 3 (ECF No. 46). On September 27, 2017, First National transferred the Mortgage to Defendant Caliber Home Loans, Inc. (Caliber). *See id.* at 3. On February 2, 2018, Caliber transferred the Mortgage to

Defendant TIAA FSB d/b/a Everbank (Everbank), and Caliber became the mortgage loan servicer for Everbank. *Id*. Beam was notified of these changes. *See id*. at 3.

Beam fell behind on her Mortgage. *See id*. On March 5, 2019, Caliber foreclosed on the Property and sold it to Ecliptic at a trustee's sale. *Id*. at 5; *see* Ex. I, Pl.'s 2d Am. Compl. (ECF No. 46-9). Ecliptic subsequently filed a forcible detainer suit and obtained a judgment against Beam. *Id*. When Beam successfully appealed, Ecliptic filed a second forcible detainer suit. *Id*. Ecliptic again prevailed and obtained a judgment against Beam, which Beam appealed.[1] *Id*. Beam is still in possession of the Property. *Id*. at 2.

Beam filed this suit against Caliber and Ecliptic in County Court at Law Number 1 of Dallas County, Texas, in April 2019. Caliber timely removed the case to federal court, with Ecliptic's consent, on the basis of federal question jurisdiction because Beam asserted a claim against Caliber for violations of the Real Estate Settlement Procedures Act (RESPA). Notice of Removal 2 ¶ 5 (ECF No. 1). With leave of court, Beam later amended her complaint to join Everbank as a defendant. Pl.'s 1st Am. Compl. (ECF No. 26).

By her lawsuit, Beam seeks to set aside the foreclosure sale and cancel the trustee's deed on grounds that Caliber and Everbank (collectively, the "Caliber

---

[1] Beam's appeal is abated, pending the outcome of this litigation. *Ecliptic Homes, LLC v. Beam,* Tex. Cnty. Ct. at Law No. 3, CC-19-07148-C (Feb. 11, 2020) (unpublished order).

Defendants") breached the deed of trust by failing to comply with regulations promulgated by the Department of Housing and Urban Development (HUD) and the Texas Property Code, which were incorporated into the deed of trust, and because Caliber allegedly committed dual tracking in violation RESPA.

In her First Amended Complaint, Beam also asserted claims for quiet title and trespass to try title against Ecliptic. Ecliptic timely filed a Motion to Dismiss Beam's claims against it in her First Amended Complaint. (ECF No. 30). The Court granted the motion and dismissed Beam's claims against Ecliptic over Beam's objections on October 1, 2020. (ECF Nos. 42-45). However, the Court granted Beam permission to amend her complaint once more to plead that Ecliptic was on notice of facts that prevented it from being a bona fide purchaser. (ECF No. 44). Beam then filed her Second Amended Complaint on October 15, 2020, in which she asserts a single claim against Ecliptic for a declaratory judgment that it is not a bona fide purchaser of the Property. Pl.'s 2d Am. Compl. 20-21 ¶¶ 89, 93-95. The next day, Beam filed her motion for reconsideration of the Court's dismissal judgment. Pl.'s Recons. Mot. (ECF No. 47).

On October 29, 2020, Ecliptic filed a motion to dismiss Beam's sole claim against it. Def.'s Mot. 2 (ECF No. 53). Beam filed a response to Ecliptic's motion, Pl.'s Resp. (ECF No. 58), and Ecliptic replied to Beam's response on November 25, 2020, Def.'s Reply (ECF No. 61). Accordingly, the motion is fully briefed and ripe for decision.

The Caliber Defendants also filed a motion for summary judgment as to Beam's claims against them. For the reasons set forth in the separate Findings, Conclusions, and Recommendation filed today, the Caliber Defendants are entitled to summary judgment as to all of Beam's claims against them.

## Motion for Reconsideration

Beam first moves the Court under Rule 59(e) of the Federal Rules of Civil Procedure to reconsider its judgment dismissing her claims against Ecliptic. Pl.'s Recons. Mot. Reconsideration under Rule 59(e) "is an extraordinary remedy that should be used sparingly." *Templet v. HydroChem Inc.*, 367 F.3d 473, 479 (5th Cir. 2004). It "serve[s] the narrow purpose of allowing a party to correct manifest errors of law or fact or to present newly discovered evidence." *Waltman v. Int'l Paper Co.*, 875 F.2d 468, 473 (5th Cir. 1989) (internal quotations omitted). Beam asserts she is entitled to Rule 59(e) relief because she developed new evidence that Ecliptic was not a bona fide purchaser of the Property. Specifically, she points to testimony from Ecliptic's corporate representative on September 30, 2020, that Ecliptic knew at the time of foreclosure that the Property was occupied.[2]

Beam explains that in order to be a bona fide purchaser, "one must acquire property in good faith, for value, and without notice of any third-party claim or

_____

[2] Beam slightly mischaracterizes the corporate representative's testimony as an admission that "[Ecliptic] had actual notice of Ms. Beam's presence in the home." Pl.'s Recons. Mot. 3. *See* Ex J, Pl.'s 2d Am. Compl. 3-4 (ECF No. 46-10).

interest." Pl.'s Mot. at 3 (quoting *Madison v. Gordon*, 39 S.W.3d 604, 606 (Tex. 2001)). "Notice may be constructive or actual." *Id.* "Actual notice rests on personal information or knowledge." *Id.* Beam contends Ecliptic admitted it had actual notice that the Property was occupied at the time of foreclosure, and this knowledge establishes Ecliptic had actual notice of Beam's claim or interest in the Property. Beam reasons that Ecliptic's knowledge is relevant to a trespass-to-try-title claim against Ecliptic because "being a bona fide purchaser is an affirmative defense to a trespass-to-try-title claim." Pl.'s Mot. at 4. She further reasons that "pending the outcome of the underlying claims related to the wrongful foreclosure of Ms. Beam's home, Ms. Beam may be able to satisfy the elements of a quite-title action." *Id.* That is, if she prevails on her claims against the Caliber Defendants, she may be able to state a claim for quiet title against Ecliptic.

But for the reasons set forth in the separate Findings, Conclusions, and Recommendation filed today, the Caliber Defendants are entitled to summary judgment as to all of Beam's claims against them. Beam cannot prevail on her underlying claims to set aside the foreclosure and cancel the substitute trustee's deed. Therefore, Beam cannot state a claim for quiet title against Ecliptic, and the Court should deny Beam's motion for reconsideration.

## Motion to Dismiss

### Legal Standard

When deciding a 12(b)(6) motion to dismiss for failure to state a claim, the court "accepts all well-pleaded facts as true, viewing them in the light most

5

favorable to the plaintiff." *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (internal quotations and citations omitted). To survive a Rule 12(b)(6) motion, therefore, a plaintiff's complaint must contain sufficient factual matter to state a claim for relief that is plausible on its face. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "To be plausible, the complaint's '[f]actual allegations must be enough to raise a right to relief above the speculative level.'" *In re Great Lakes Dredge & Dock Co. LLC*, 624 F.3d 201, 210 (5th Cir. 2010) (quoting *Twombly*, 550 U.S. at 555).

This pleading standard does not require "detailed factual allegations," but it does demand more than an unadorned accusation devoid of factual support. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw a reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "[A] formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Iqbal*, 556 U.S. at 679. Where the facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has stopped short of showing that the plaintiff is plausibly entitled to relief. *Id.* at 678 (citing *Twombly*, 550 U.S. at 557).

In deciding a Rule 12(b)(6) motion, a court may not look beyond the pleadings. *Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999) (citation omitted). However, the pleadings, for the purpose of determining a Rule 12(b)(6) motion, include documents attached to the pleadings and to the motion to dismiss so long as they "are referred to in the plaintiff's complaint and are central to [her] claim." *Causey v. Sewell Cadillac-Chevrolet, Inc.*, 394 F.3d 285, 288 (5th Cir. 2004) (citing *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498-99 (5th Cir. 2000)).

<u>Analysis</u>

Ecliptic is the current title holder of record to the Property pursuant to the Substitute Trustee's Deed. Ex. I. By her lawsuit, Beam seeks to cancel the trustee's deed. But whether Ecliptic is a bona fide purchaser is irrelevant to determining whether to the trustee's deed is void. Further, the method of determining title to real property is an action in trespass to try title. TEX. PROP. Code § 22.001(a). Beam previously failed to state a claim against Ecliptic for trespass to try title, and she does not include such a claim in her Second Amended Complaint.

Rather, in her live complaint, Beam seeks only a declaratory judgment against Ecliptic that Ecliptic was not a bona fide purchaser of the Property. Pl.'s 2d Am. Compl. 20-21. Without an underlying cause of action, however, Beam is not entitled to any declaratory relief. *See Collin Cty., Tex. v. Homeowners Ass'n for Values Essential to Neighborhoods*, 915 F.2d 167, 170-71 (5th Cir. 1990) (plaintiff must plead a viable cause of action to be entitled to declaratory relief); *Miller v.*

*CitiMortgage, Inc.*, 970 F. Supp. 2d 568, 591 (N.D. Tex. 2013) (citation omitted) ("[A] request for declaratory judgment is remedial in nature and dependent upon the assertion of viable causes of action.").

Beam argues that her "declaratory[-]judgment action states a claim for relief . . . *if* Ms. Beam succeeds in her suit to set aside the foreclosure sale and cancel the trustee's deed against [the Caliber Defendants]." Pl.'s Resp. 4-5 (emphasis added). For all the reasons set forth in the separate Findings, Conclusions, and Recommendation filed today on the Caliber Defendants' summary-judgment motion, Beam cannot succeed on her claims to set aside the foreclosure sale and cancel the trustee's deed. Consequently, Beam has failed to state a claim for relief against Ecliptic. The Court should dismiss Beam's declaratory-judgment claim.

### Dismissal with Prejudice

Ordinarily, a plaintiff should be afforded an opportunity to amend her complaint in response to a recommended dismissal or when the action is to be dismissed pursuant to a court order. *Bottoms v. Wells Fargo Bank, N.A.*, 2018 WL 2745259, at *4 (N.D. Tex. May 18, 2018) (Rutherford, J.) (citing *Coleman v. Bank of N.Y. Mellon*, 969 F. Supp. 2d 736, 755 (N.D. Tex. 2013). However, dismissal with prejudice is appropriate if a court finds that the plaintiff has alleged his or her best case. *Jones v. Greninger*, 188 F.3d 322, 327 (5th Cir. 1999).

Additionally, "[i]t is not incumbent on the court to give litigants repeated opportunities to prosecute and defend their claims," particularly when, as here, Beam already made two attempts to amend her pleadings. *Arkansas v.*

*Wilmington Tr. N.A.*, 2020 WL 1249570, at \*12 (N.D. Tex. Mar. 16, 2020) (Lindsay, J.) (citing *Reliance Ins. Co. v. La. Land and Expl. Co.*, 110 F.3d 253, 258 (5th Cir. 1997) (noting "judges have the power to control their dockets by refusing to give ineffective litigants a second chance to develop their case" (citing *Turnage v. Gen. Elec. Co.*, 953 F.2d 206, 208-09 (5th Cir. 1992))).

Here, Beam amended her complaint twice. Hence, she had ample opportunity to present the Court with her best case. Yet, her pleadings fail to state a viable claim for relief. Therefore, Beam's claims should be dismissed with prejudice.

### Recommendation

The Court should GRANT Defendant Ecliptic's motion to dismiss (ECF No. 53), DENY Plaintiff Beam's motion for reconsideration (ECF No. 47), and DISMISS Beam's claims against Ecliptic with prejudice.

**SO RECOMMENDED**.

September 7, 2021.

REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## <u>NOTICE OF RIGHT TO APPEAL/OBJECT</u>

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).